IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LATANYA C. OWENS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-09-3825 |
| PLS CHECK CASHERS OF TEXAS, § | |
| L.P. and PLS CHECK CASHERS § | |
| OF TEXAS, INC. f/k/a DALLAS § | |
| CHECK CASHERS, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Pending before the court is Defendants' Motion for Summary Judgment (Docket Entry No. 31). For the reasons explained below, the court will <u>sua sponte</u> decline to exercise supplemental jurisdiction over plaintiff's state law claims and will remand this action to state court.

### I. Background

On October 20, 2009, plaintiff filed this action in the 80th Judicial District Court of Harris County, Texas, under Cause No. 2009-67893. Plaintiff's Original Petition asserted a federal law claim for employment discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 as amended (Title VII), 42 U.S.C. § 2000e, and Texas common-law claims for false imprisonment, intentional infliction of emotional distress, libel, slander, and defamation, malicious prosecution,

wrongful termination, conspiracy, and respondeat superior.[1] On November 25, 2009, citing plaintiff's Title VII claim, defendants removed the action to this court on the basis of federal question jurisdiction (Docket Entry No. 1). At the initial scheduling conference held on January 29, 2010, the court set the following deadlines: Filing amended pleadings -- March 5, 2010; completion of discovery -- October 29, 2010; and docket call -- December 10, 2010.[2] On March 17, 2010, plaintiff filed a First Amended Complaint (Docket Entry No. 19), stating that "[t]his court has jurisdiction over this matter as Plaintiff's claim necessarily involve[s] a question of federal law. 28 U.S.C. § 1441(c),"[3] and asserting a claim for violation of Title VII.[4] Plaintiff's First Amended Complaint also asserts numerous claims based on Texas common law, including claims for false imprisonment, intentional infliction of emotional distress, libel, slander, and defamation, malicious criminal prosecution, conspiracy, and respondeat superior. On October 13, 2010, the parties filed a Joint Motion to Modify Docket Control Order (Docket Entry No. 21), which the court granted the next day (Docket Entry No. 22). The Modified Docket

---

[1] Plaintiff's Original Petition attached to Defendants' Notice of Removal, Docket Entry No. 1.

[2] Docket Control Order, Docket Entry No. 8.

[3] Plaintiff's First Amended Complaint, Docket Entry No. 19, p. 2 ¶ 3.

[4] Id. at 6-7 ¶¶ 26-27.

Control Order provided that discovery be completed by January 29, 2011, dispositive motions be filed thirty days after the mediator declared an impasse, that the Joint Pretrial Order be filed by March 3, 2011, and that Docket Call be held on March 10, 2011.[5]

On January 18, 2011, defendants filed a Stipulation of Dismissal of Plaintiff's Wrongful Termination Claim Pursuant to Title VII (Docket Entry No. 23) stating:

> Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiff, Latanya C. Owens ("Owens"), and Defendant, PLS Check Cashers of Texas, L.P., and PLS Check Cashers of Texas, Inc., f/k/a Dallas Check Cashers, Inc. ("PLS"), stipulate to the dismissal with prejudice of Owens' wrongful termination claim pursuant to Title VII asserted in paragraphs 26 and 27 of this lawsuit, and in support would show:
>
>> 1.   Owens no longer wishes to pursue her wrongful termination claim pursuant to Title VII against PLS that was asserted in this lawsuit.
>>
>> 2.   Accordingly, Owens and PLS stipulate to the dismissal with prejudice of Owens' wrongful termination claim pursuant to Title VII asserted in this lawsuit.
>
> WHEREFORE PREMISES CONSIDERED, Owens and PLS pray that Owens' Title VII claims asserted in paragraphs 26 and 27 of this lawsuit be dismissed with prejudice.[6]

On January 19, 2011, the court signed an Order Granting Joint Stipulation of Dismissal of Plaintiff's Wrongful Termination Claim Pursuant to Title VII (Docket Entry No. 24).

---

[5]Order, Docket Entry No. 22.

[6]Stipulation of Dismissal of Plaintiff's Wrongful Termination Claim Pursuant to Title VII, Docket Entry No. 23.

On February 2, 2011, the parties filed an Agreed Motion to Waive Mediation (Docket Entry No. 26), which the court granted the next day (Docket Entry No. 27).

On February 28, 2011, defendants filed the pending Motion for Summary Judgment (Docket Entry No. 31) and Memorandum in Support of Defendants' Motion for Summary Judgment (Docket Entry No. 32). On March 1, 2011, the deadlines were terminated, and on March 22, 23, and 31, 2011, the court entered orders granting plaintiff's motions for extension of time to respond to defendants' motion for summary judgment (Docket Entry Nos. 36, 38, and 41).

## II. **The Court Declines to Exercise Supplemental Jurisdiction**

Defendants' motion for summary judgment requires the court to decide whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over plaintiff's remaining state law claims.

**A. Applicable Law**

Federal courts are courts of limited jurisdiction. They adjudicate claims arising from violations of federal law and pendant state law claims over which the court may exercise supplemental jurisdiction. The defendants removed this action to this court pursuant to 28 U.S.C. § 1441 on grounds that plaintiff had asserted a claim based on federal law, thereby triggering this court's federal question jurisdiction under 28 U.S.C. § 1331.[7]

---

[7]Notice of Removal, Docket Entry No. 1, ¶ 4.

Since the plaintiff's only federal claim has been dismissed, no federal question remains before the court. The dismissal of plaintiff's federal claim does not divest the court of jurisdiction, however. See <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 129 S. Ct. 1862, 1867 (2009) (holding that when district court remands to state court after declining to exercise supplemental jurisdiction, remand order is not based on lack of subject matter jurisdiction); <u>Knatt v. Hospital Service District No. 1 of East Baton Rouge Parish</u>, 373 Fed. Appx. 438, 441, 2010 WL 1439277, at *2 (5th Cir. Apr. 12, 2010) (per curiam) ("The subsequent dismissal of all federal claims from Knatt's suit did not divest the district court of supplemental jurisdiction over the remaining state-law claims.").

But under 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction following dismissal of all the federal claims. In pertinent part § 1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

-5-

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. Since plaintiff's only federal claim has been dismissed, the court has discretion under § 1367(c)(3) to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

In Carnegie-Mellon University v. Cohill, 108 S. Ct. 614, 619 n.7 (1988), the Supreme Court stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." See United Mine Workers of America v. Gibbs, 86 S. Ct. 1130, 1139 (1966) ("the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation"). Moreover, the general rule in this circuit is to dismiss state-law claims following dismissal of the federal claims they supplement. See Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)). See also Brim v.

ExxonMobil Pipeline Co., 213 Fed. Appx. 303, 305 (5th Cir. 2007) (per curiam) ("As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial.").  The Supreme Court disfavors a bright-line approach, however, requiring the court to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon, 108 S. Ct. at 619 (applying the four factors introduced in Gibbs, 86 S. Ct. at 1139).  No single factor is dispositive.  See Parker & Parsley, 972 F.2d at 587.  "The Gibbs test is a flexible one, under which courts should conduct a fact-specific inquiry, considering the totality of circumstances of each case."  Guzzino v. Felterman, 191 F.3d 588, 594-95 (5th Cir. 1999).

**B.   Application of the Law to the Facts**

   1.   Judicial Economy

The judicial-economy factor requires the court to assess whether resources would be saved if the court maintains jurisdiction over the case.  "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  Carnegie-Mellon, 108 S. Ct. at 619 (citing Gibbs,

86 S. Ct. at 1139). It is not clear, however, what counts as an "early stage" in the litigation. See Parker & Parsley, 972 F.2d at 586 (noting that earlier case law had left the phrase undefined). In defining an early stage of litigation the Fifth Circuit has considered the amount of time elapsed in the litigation, the length of time remaining until trial, and the amount of discovery completed. Compare Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307 (5th Cir. 1991) (finding abuse of discretion where court dismissed case on eve of trial after four years of litigation, thousands of pages of record and discovery, and preparation of pretrial order exceeding 200 pages), and Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996) (finding abuse of discretion where case was dismissed less than one month before trial after two years of litigation, over 300 pleadings, and extensive discovery taken under federal rules), with Parker & Parsley, 972 F.2d at 587 (finding abuse of discretion where case was retained after nine months of litigation and a few weeks remained before trial but the parties were "not ready for trial"), and Brim, 213 Fed. Appx. at 306 (affirming dismissal where, at the time of summary judgment, parties were approximately one year into the litigation, two months remained until trial, and, although the parties had completed some discovery, two discovery disputes had not been settled by the court, and parties could use any trial preparation, legal research, and discovery in the state court proceedings).

This case is more akin to Parker & Parsley and Brim than to cases in which courts abused their discretion by declining to exercise supplemental jurisdiction following dismissal of the federal claims on which federal jurisdiction was based. Although the discovery cut-off date has been reached, the case has only been pending for a little over a year, the defendants have only recently filed a motion for summary judgment, no trial date has been set, and the parties are not ready for trial. Accordingly, due to the court's minimal involvement with the case at this stage of the litigation, the court concludes that the judicial economy factor favors remanding the plaintiff's state law claims.

2. Convenience

The second factor the court considers is convenience. In addressing this factor, courts have considered whether the geographical location or the refiling of the case would create undue hardship. See Brim, 213 Fed. Appx. at 306 (upholding dismissal where majority of witnesses and plaintiffs lived near same state court); Guzzino, 191 F.3d at 595 (upholding remand where "the parties' work product could be taken, with little loss, to the state litigation"). Here, the location of the state court should not cause any undue hardship. Plaintiff was employed by the defendants in Harris County, Texas, and all of the events giving rise to the plaintiff's state law claims occurred in Harris County, Texas. While any dismissal inevitably comes with some expense of

time and money as parties refile papers and the state court reprocesses them, see Carnegie-Mellon, 108 S. Ct. at 620, this case does not have to begin anew because it was removed from state court and can therefore be remanded instead of dismissed and refiled. Moreover, should the case be remanded, the parties are free to use any discovery and legal research already completed in the state court proceedings. See Parker & Parsley, 972 F.2d at 585; Guzzino, 191 F.3d at 595. Accordingly, the court concludes that the convenience factor favors remanding the plaintiff's state law claims.

    3.    Fairness

The third factor the court considers is fairness. In weighing this factor, courts have considered whether dismissal or remand would (1) foreclose relief because state statutes of limitation would bar refiling of a dismissed claim, see Carnegie-Mellon, 108 S. Ct. at 619-20, (2) present a danger of duplicative or conflicting rulings, see Guzzino, 191 F.3d at 595, or (3) allow parties to relitigate matters that had already been settled by the federal court. See Guidry v. Bank of LaPlace, 954 F.2d 278, 286 (5th Cir. 1992). None of these concerns is present here. Since this case was removed from state court, it can be remanded to state court without danger of plaintiff's claims being foreclosed by state statutes of limitation. The danger of duplicative or conflicting rulings or of allowing the parties to relitigate

-10-

matters already settled does not exist because apart from dismissing the plaintiff's Title VII claim upon joint stipulation of all the parties, this court has not issued any rulings in this case. The court therefore concludes that the fairness factor favors remanding the plaintiff's state law claims.

### 4. Comity

The fourth factor — comity — favors remanding the plaintiff's state law claims. The supplemental jurisdiction statute specifically permits this court to decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1). Moreover, "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to exercise jurisdiction." Carnegie-Mellon, 108 S. Ct. at 614.

Here, the only federal claim has been dismissed, and Plaintiff's First Amended Complaint asserts numerous state law claims, including claims for false imprisonment, intentional infliction of emotional distress, libel, slander, and defamation, malicious criminal prosecution, conspiracy, and respondeat superior. "Needless decisions of state law should be avoided both as a matter of economy and to promote justice between the parties by procuring for them a surer-footed reading of the applicable law." Parker & Parsley, 972 F.2d at 585. See also id. at 88-89

("The federal courts are courts of limited jurisdiction . . . and often are not as well equipped for determinations of state law as are state courts."). The court therefore concludes that the comity factor favors remanding the plaintiff's state law claims.

### III.  Conclusions and Order of Remand

The only federal law claim asserted in this action has been dismissed pursuant to the parties' stipulation.  Having considered the factors of judicial economy, convenience, fairness, and comity together and the totality of the circumstances of this case, the court concludes that it has subject matter jurisdiction, but, for the reasons explained above, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, this action is **REMANDED** to the 80th Judicial District Court of Harris County, Texas.  The Clerk of this court is **ORDERED** to promptly send a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

Each party shall bear its own costs.

**SIGNED** at Houston, Texas, on this 15th day of April, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE